UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES ANTONION ALAS PAZ,<br>A-206-807-130 | No. 1:26-cv-2881-DC-DMC (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS |
| WARDEN OF THE CALIFORNIA CITY<br>DETENTION FACILITY, et. al., | (ECF No. 8) |
| Respondents. | |

Petitioner, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On May 21, 2026, the magistrate judge filed findings and recommendations which were served on the parties, and which contained notice that the parties may file objections within the time specified therein. ECF No. 8. Respondents filed objections to the findings and recommendations. ECF No. 9. In their objections, Respondents merely state that they object "for the reasons set forth in their previous pleadings." *Id.* However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional

1

parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    The findings and recommendations filed May 21, 2026, ECF No. 8, are ADOPTED;

2.    Petitioner's petition for writ of habeas corpus, ECF No. 1, is GRANTED;

3.    Respondents are ORDERED to immediately release Petitioner Moises Antonio Alas Paz (206-807-130) with appropriate conditions of supervision with all Petitioner's documents and possessions. If Respondent seeks to re-detain Petitioner, Respondent must provide Petitioner no less than seven (7) days' notice and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered. At any such hearing, Petitioner shall be allowed to have counsel present;

4.    Respondent is ORDERED to file a notice of compliance within three (3) days of the date of entry of this order;

2

5.    The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order; and

6.    The Clerk of the Court is directed to enter judgment in favor of Petitioner and close the case.

IT IS SO ORDERED.

Dated:    **June 11, 2026**

_____
Dena Coggins
United States District Judge

3